UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES J. ECKERSON,<br><br>  Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>  Defendant. | Case No. 2:17-cv-01384-JAD-CWH<br><br>**REPORT AND RECOMMENDATION** |

This matter was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff James Eckerson's ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act. The court has reviewed Plaintiff's motion to remand (ECF No. 13), filed November 29, 2017, the Commissioner's response and cross-motion to affirm (ECF No. 14), filed December 29, 2017, and Plaintiff's reply (ECF No. 16), filed January 18, 2018.

## BACKGROUND

**1.    Procedural History**

On April 29, 2013, Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, alleging an onset date of May 27, 2010. AR[1] 52. Plaintiff's claim was denied initially, and on reconsideration. AR 76-79, 86-92. A hearing

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 9).)

was held before an Administrative Law Judge ("ALJ") on April 27, 2015. AR 27. On July 31, 2015, the ALJ issued a decision finding Plaintiff was not disabled. AR 10-22. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review. AR 1-3. Plaintiff, on May 15, 2017, commenced this action for judicial review under 42 U.S.C. §§ 405(g). *See* ECF Nos. 1.

**2.     The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 11-12. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of May 27, 2010. AR 12. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of asthma, osteoarthritis, left shoulder tendinitis, and right acromioclavicular joint arthritis. AR 13. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 14. At step four, the ALJ found that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except he can occasionally push/pull with the right upper extremity; can occasionally climb ramps and stairs, can never climb ladders, ropes, or scaffolding; can frequently kneel or crouch; can never crawl; can frequently reach in all directions bilaterally, but can occasionally reach overhead with the left non-dominant upper extremity and can never reach overhead with the right dominant upper extremity; and should avoid concentrated exposure to fumes, odors, dusts, gasses, poor ventilation, and hazards. AR 15. Relying on vocational expert testimony, the ALJ found that Plaintiff is capable of performing past relevant work as a sales representative. AR 20. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from May 27, 2010, through the date of the decision, on July 31, 2015. AR 22.

## DISCUSSION

**1.     Standard of Review**

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g)

states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner *de novo*. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific

findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**2.      Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.*

§ 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3.    Analysis**

Plaintiff moves to remand this matter because the ALJ ignored the opinion of the treating physician, and failed to articulate clear and convincing reasons for rejecting Plaintiff's testimony. The Commissioner responds that the ALJ's analysis is correct, and there were ample reasons to reject Plaintiff's testimony.

**A.  The opinion of the treating physician**

Plaintiff argues that Dr. John O'Malley, the orthopedic surgeon who treated Plaintiff, stated on July 14, 2010 that as far as work conditions are concerned, Plaintiff will have no use of the right arm. AR 260. He reiterated the statement on October 4, 2010. AR 267. The

Commissioner responds that the treatment records to which Plaintiff refers reflected only a temporary condition after surgery, which was conducted on July 8, 2010. AR 268, AR 16-17.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). *See* 20 C.F.R. §§ 404.1527, 416.927; *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. *Lester*, 81 F.3d at 830-31; *see also Thomas*, 278 F.3d at 957. Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. *See Andrews,* 53 F.3d at 1041 (9th Cir.1995).

Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. *Bayliss,* 427 F.3d at 1216. If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. *Id*. However, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an

examining physician or a treating physician;" such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. *Lester*, 81 F.3d at 830-31. An ALJ need not accept the opinion of any physician if it is brief, conclusory, and inadequately supported by clinical evidence. *Thomas*, 278 F.3d at 957.

Here, Plaintiff relies on treatment records regarding a temporary condition after surgery to argue that the RFC is erroneous. But a report of condition immediately post surgery is not probative of the claimant's RFC. In deciding Plaintiff's RFC, the ALJ assessed Plaintiff's surgery, considered his right-shoulder functioning, and extensively discussed post-surgical treatment records, including Dr. O'Malley's records. AR 16-18. The ALJ reduced the range of work Plaintiff could perform by restricting Plaintiff to light work and with only occasionally pulling and pushing, no ladder climbing, and no overhead reaching with the right arm. The ALJ noted that Plaintiff received only conservative care consisting primarily of physical therapy, AR 16, which is not the kind of treatment expected for a total disability finding. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (holding ALJ provided adequate reasons for not fully crediting the treating-physician opinion because, among other factors, the physician prescribed a conservative course of treatment that was "not the sort of description and recommendations one would expect to accompany a finding that [the claimant] was totally disabled under the Act"). Physical therapy is conservative treatment. *See Tommasetti v. Astrue*, 533 F. 3d 1035, 1039-40 (9th Cir. 2008). The ALJ also explained the objective medical evidence showing that Plaintiff retained significant functioning consistent with Plaintiff's restrictive RFC, that the treatment was effective, and that Plaintiff's activities of daily living showed a range of right shoulder functioning consistent with the assigned RFC. AR 17-18.

The ALJ's RFC provided that Plaintiff could never reach overhead with his right upper extremity and limited his ability to reach in any other direction. State-agency physicians Drs. Clayton and Woods reviewed the record and evaluated Plaintiff's RFC, and they had concluded that Plaintiff had a less limited RFC than found by the ALJ in that he could occasionally reach overhead with his right upper extremity and did not have any restrictions reaching in other directions. Plaintiff makes no argument that these findings were erroneous. *See Thomas*, 278

1  F.3d at 957 ("The opinions of non-treating or non-examining physicians may also serve as
2  substantial evidence when the opinions are consistent with independent clinical findings or other
3  evidence in the record."). Together, these are clear and convincing reasons to reject the treating
4  physician's opinion that Plaintiff would have "no use of his right arm," as argued by Plaintiff.

5  **B.      The ALJ's evaluation of Plaintiff's credibility**

6  Plaintiff argues that he testified regarding his pain from several parts of the body, and that
7  as a result, his functioning has been reduced, that his medications cause drowsiness, and his daily
8  activities are adversely impacted. The Commissioner responds that Plaintiff does not identify any
9  evidence, such as treatment notes, to support his claims.

10  The Commissioner's regulations prohibit granting disability benefits based solely on a
11  claimant's subjective complaints. *See* 20 C.F.R. § 404.1529(a) ("statements about your pain or
12  other symptoms will not alone establish that you are disabled"). "An ALJ cannot be required to
13  believe every allegation of [disability], or else disability benefits would be available for the
14  asking, a result plainly contrary to [the Social Security Act]." *Fair v. Bowen*, 885 F.2d 597, 603
15  (9th Cir. 1989). If the ALJ rejects the claimant's complaints, the ALJ must provide "specific,
16  cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (quoting *Rashad v. Sullivan*, 903 F.2d
17  1229, 1231 (9th Cir.1990)).

18  The ALJ must state why the testimony is unpersuasive and must point to what specific
19  testimony or evidence undermines the claimant's testimony. *Morgan v. Comm'r of Soc. Sec.*
20  *Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Lester*, 81 F.3d at 834. Absent affirmative evidence
21  that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be
22  clear and convincing. *Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009)
23  (quoting *Morgan*, 169 F.3d at 599). The ALJ "may not reject a claimant's subjective complaints
24  based solely on a lack of medical evidence to fully corroborate the alleged severity of pain."
25  *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (citation omitted). This is because the lack
26  of an objective medical basis is just one factor in evaluating the credibility of a claimant's
27  testimony and complaints. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).
28

The Ninth Circuit has upheld an ALJ's finding that a claimant's testimony is not credible when the ALJ cited specific instances in the record supporting this determination. *See, e.g., Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (upholding ALJ's credibility determination when he pointed out numerous lab results that contradicted his subjective complaints). *See also, Batson v. Comm'r of Soc Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2003) (ALJ's credibility determination upheld because the ALJ cited specific testimony from a doctor which contradicted the claimant's allegations). But the Ninth Circuit has also found general findings insufficient. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006) (ALJ required to provide a "narrative discussion" and state specific evidence in the record supporting an adverse credibility finding). If "evidence can support either affirming or reversing the ALJ's decision," this court may not substitute its judgment for that of the ALJ's. *Id.* at 882.

In making a credibility determination regarding pain, the ALJ may consider: "the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing SSR 88-13).

Plaintiff does not provide citations to any treatment notes supporting his claims of reduced functioning, drowsiness, or impact on daily living. On the other hand, the ALJ provided specific reasons explaining his assessment of Plaintiff's claims. For example, the medical evidence failed to corroborate Plaintiff's claims regarding sleepiness and in fact, the ALJ notes that his mental status examinations repeatedly showed he was alert and oriented. AR 14.

The ALJ found that Plaintiff's course of treatment, both its conservative nature and its efficacy, undermined the extent of pain and limitations claimed by Plaintiff. AR 16-18. The ALJ noted that Plaintiff primarily managed his impairments with physical therapy and as-needed medications. *See Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits"). The ALJ also found that the various surgeries were

successful, and he noted that Plaintiff reported doing well.  AR 17-18.  Finally, in assessing his credibility, the ALJ considered Plaintiffs daily activities, for example that Plaintiff was able to drive, dress and undress, button his clothes, tie his shoes, dial a telephone and use public transportation.  AR 17.  Accordingly, the ALJ's credibility analysis was supported by substantial evidence, and is entitled to great deference.  *See Parra*, 481 F.3d at 750 (questions of credibility and resolution of conflicts in the testimony are functions solely for the agency).

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to remand (ECF No. 13) be **denied**.

**IT IS FURTHER RECOMMENDED** that the Commissioner's cross-motion to affirm (ECF No. 14) be **granted.**

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: January 30, 2019

---
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE